UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LARRY LUONG,
Plaintiff,

v.

EDWARD ELLIN-CARRILLO,
Defendant.

Case No.: 26-cv-4217-RSH-GC

**ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)**

[ECF No. 45]

On September 8, 2026, defendant Ellin-Carrillo filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). ECF No. 45. The motion has been fully briefed. *See* ECF Nos. 58, 66. As set forth below, the Court grants Plaintiff's motion.

## I. BACKGROUND

Plaintiff sells a mattress sheet tucking tool on Amazon.com. ECF No. 23 at 2. Defendant also sells a mattress sheet tucking tool on Amazon.com. *Id.* Plaintiff alleges that Defendant's tool copies "the distinctive overall visual appearance, aesthetic presentation, and marketplace impression of Plaintiff's product." *Id.*

On January 23, 2026, Plaintiff filed his original complaint in the U.S. District Court for the Central District of California, alleging copyright infringement and unfair

competition. ECF No. 1 at 3-5. After Defendant moved to dismiss, Plaintiff filed his FAC on June 10, 2026. ECF Nos. 16, 23. The FAC asserts the following causes of action: (1) copyright infringement; (2) trade dress infringement; (3) false advertising; (4) federal trade dress dilution; (5) unfair competition; (6) California trade dress dilution; and (7) intentional interference with prospective economic advantage. ECF No. 23 at 3-7. On June 30, 2026, Defendant filed a motion to dismiss the FAC, and the Central District—finding venue improper—transferred the case to the Southern District. ECF Nos. 26, 39. On September 8, 2026, Defendant filed a motion to dismiss Plaintiff's FAC under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 45.

## II. LEGAL STANDARD

"Service of process" is the legal term for the formal delivery of documents—the summons and complaint—that gives a defendant notice of a pending lawsuit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss for "insufficient service of process." "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint . . . without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (internal quotation marks and citation omitted). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(e) governs service on an individual and states that:

> [A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action . . . or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with

> someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As to the timing of service, Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## III. DISCUSSION

Defendant argues that service of process was improper and requests dismissal or "an order quashing the purported service[.]" ECF No. 45 at 11-13. Federal Rule of Civil Procedure 4(c)(2) provides that any "person who is . . . not a party may serve a summons and complaint." Plaintiff has filed three proofs of service in this action related to the summons and complaints. ECF Nos. 11, 15, 34. Plaintiff signed the proofs of service—under penalty of perjury—stating that "[a]t the time of service I was . . . not a party to this action[,]" but also indicating that the "person who served papers" was Plaintiff. *Id.* Plaintiff's attempted service was deficient under Rule 4(c)(2).

The first two proofs of service indicate that Defendant was served with the summons and complaint by electronic mail. ECF Nos. 11, 15. Email does not constitute proper service of process under Rule 4. The third proof of service states the FAC was served "by mail and acknowledgment of receipt of service." ECF No. 34 at 2. Federal Rule of Civil Procedure 4(e)(1) allows service by following state law, which in California, includes service by mail with an acknowledgment of receipt. *See* Cal. Code Civ. P. § 415.30. Service by this means is deemed complete on the date a written acknowledgment is executed, if such acknowledgment is thereafter returned to the sender. *Id.* However, Plaintiff's proof of service form does not check the box indicating that he actually enclosed copies of the

required acknowledgment form. *Id.*; ECF No. 34 at 2. Nor has Plaintiff filed an executed acknowledgment form. ECF No. 34 at 2; *Barlow v. Ground*, 39 F.3d 231, 235 (9th Cir. 1994) ("Although California law does permit service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with[.]").

Plaintiff argues that he served the FAC on Defendant "by registered mail pursuant to Rule 5(b)(2)(C)." ECF No. 58 at 9. However, if a plaintiff did not serve a defendant with the original complaint, a plaintiff must serve the amended complaint pursuant to Rule 4, not Rule 5. *Pacesetter Consulting, LLC v. Kapreilian*, No. 21-16244, 2022 WL 4462694, at *3 (9th Cir. Sept. 26, 2022); *see Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 995-96 (9th Cir. 2007) ("[A]n amended complaint can often be served in the same manner as any other pleading [under Rule 5] if the original complaint is properly served [under Rule 4]."). Defendant has not been properly served with the summons or complaint under Rule 4. Plaintiff's motion under Rule 12(b)(5) is granted.

In granting a 12(b)(5) motion, the court in its discretion may either dismiss the action or quash service. *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07CV370WQHJMA, 2009 WL 2487971, at *9 (S.D. Cal. Aug. 10, 2009); *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 555 (N.D. Cal. 2003) ("Although the Court may dismiss the case, quashing service is the typical remedy if initial defects in service might be corrected."). Plaintiff argues that dismissal is appropriate because the "Rule 4(m) period expired more than four months ago[.]" ECF No. 45 at 12-13. Under Rule 4(m), service of process must be made within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Here, the 90-day deadline expired on April 23, 2026. *See* ECF No. 1. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "A party may set forth good cause by establishing, at minimum, excusable neglect." *Quaid v. Granet*, No. 2:24-CV-03455-MRA-JPR, 2025 WL 554273, at *2 (C.D. Cal. Feb. 12, 2025) (internal quotation marks and citation omitted). "Even absent good cause, courts have discretion to extend the time

for service under Rule 4(m)." *NEXA Mortg., LLC v. Diaz*, No. 24-CV-00061-BEN-MMP, 2024 WL 2218994, at *1 (S.D. Cal. May 16, 2024). Courts "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks and citation omitted).

The Court finds the potential prejudice to Defendant is minimal. Defendant has received notice of the filing of this action and has been actively participating in this litigation. *See e.g.*, ECF Nos. 16, 45, 66. Plaintiff has made an attempt to serve the filings in this lawsuit on Defendant through multiple methods. *See* ECF Nos. 11, 15, 34. The Court also recognizes that Plaintiff is a pro se litigant. Plaintiff has requested another opportunity "to effect service through a method [authorized] by Rule 4(e)." ECF No. 58 at 9. The Court determines that an extension of the service deadline under Rule 4(m) is appropriate. The Court declines to dismiss the action and instead quashes service of process.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's 12(b)(5) motion and quashes Plaintiff's attempted service. If Plaintiff wishes to proceed with his claims, he must properly serve Defendant in accordance with Federal Rule of Civil Procedure 4(e) within **thirty (30) days** of the date of this order. Otherwise, the Court will dismiss the case. The Clerk shall issue a summons in connection with Plaintiff's First Amended Complaint.[1]

Plaintiff's request for a remote appearance [ECF No. 61] is denied as moot.

**IT IS SO ORDERED**.

Dated: October 23, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge

[1] In light of this disposition, the Court declines to address Defendant's remaining arguments for Rule 12(b)(6) dismissal at this time.